McKinney, J.
delivered the opinion of the court.
This was a motion for judgment against the defendant, as late sheriff of Maury county, for the non-return of an execution issued from the circuit court of said county.
The defence set up and relied upon in the circuit court was, that, subsequent to the return day of said execution, an adjustment of various matters had been made between the plaintiff and defendant in the execution; in which was included, as is alleged, the judgment upon which said execution issued; and thereby the plaintiff had obtained satisfaction of the debt from the judgment debtor.
The circuit judge entertained this defence, and referred the matter to a jury, who, in effect, found in favor of the defendant.
This proceeding was wholly unwarranted. The statute, in imperative terms, provides, that if any sheriff fail to make due and proper return of an execution issued from any court of record in this State, to him directed, and received by him, he and his sureties shall be liable to a motion in the circuit court of the county from which the execution issued; and judgment shall be rendered against them for the amount due upon the execution, or for the amount collected by the officer, with interest thereon, together with twelve and-a-half per cent, damages; act of 1835, ch. 19, sec. 6.
Under the peremptory and unqualified provisions of this statute, it is very clear, that payment or satisfaction of the judgment (upon which execution had issued and been placed in the hands of the sheriff) by' the judgment debtor to the plaintiff, even prior to the return day of the execution, would constitute no excuse for' *319 the failure of the sheriff to make return of the execution. Much less would such payment, or satisfaction, subsequent to the return day of the execution, constitute an excuse for the non-return of the execution. The proposition that the sheriff’s official default may be excused by the act of the parties to the judgment, subsequent to such default, is so obviously untenable, not to say absurd, as to require only to be stated.
If the fact of payment, after the return day of the execution, as insisted upon in this case, were satisfactorily established, (which, however, from the testimony in the record before us, we are not prepared to admit) it is very clear that the sheriff has no remedy, either at law or in equity.
In the supposed case, of payment before the return day of the execution, a return of the fact by the sheriff, according to the truth of the case, would perhaps be deemed a sufficient excuse for his non-execution of the pi'ocess.
The judgment of the circuit court will be reversed, and judgment rendered here against the defendant.